UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMERICAN SERVICE )
INSURANCE COMPANY, INC., )
 )
    Plaintiff, )
 )
v. ) CV420-013
 )
WEBBER'S TRANSPORTATION, )
 *et al.*, )
 )
    Defendants. )

# ORDER

Plaintiff, American Service Insurance Company, Inc., has filed this case seeking a declaration that an insurance policy it issued does not provide coverage for defendants Webber's Transportation, LLC, Alexis Webber, Rodney Webber, and Quantella Morrall's liability to defendant Joyce Johnson-Copeland and proposed defendant Qunicy Copeland's for injuries allegedly resulting from a June 15, 2018 auto accident. *See* doc. 24-1 at 2.  Several motions are presently before the Court.  First, conceptually if not chronologically, plaintiff seeks leave to file a second amended complaint.  Doc. 24.  A pair of motions seeks to address plaintiff's difficulty serving defendant Quantella J. Morrall.  *See* docs. 20 & 21.

Finally, plaintiff moves to stay this case, pending the outcome of liquidation proceedings in Illinois. Doc. 28.

Since plaintiff has already amended its complaint once, *see* doc. 5, further amendment requires leave of court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15 directs the court to "freely give leave [to amend] when justice so requires." *Id.* As this Court has explained, in evaluating requests to amend that seek to add parties:

> District courts are given "extensive discretion" in determining whether to allow an amended complaint. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). In exercising its discretion, a court considers five factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of amendment." *Seiger ex rel. Seiger v. Philipp*, 735 F. App'x 635, 637 (11th Cir. 2018) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) ). However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

> Moreover, because [plaintiff's] proposed amended complaint adds defendants, joinder rules are implicated.

>> Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

> occurrences; and (B) any question of law or fact common to all defendants will arise in the action.
>
> Fed. R. Civ. P. 20(a)(2). Joinder under Rule 20 "is strongly encouraged" and is "construed generously 'toward entertaining the broadest possible scope of action consistent with fairness to the parties.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ). Still, district courts are granted broad discretion to permit or deny joinder. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).

*Usry v. EquityExperts.org, LLC*, 2019 WL 1140236, at * 3 (S.D. Ga. Mar. 12, 2019) (Hall, C.J.).

The Court finds no reason to deny leave to amend. Plaintiff explains that this suit was pending less than four months before leave to amend was sought. Doc. 24-1 at 3. The motion was also filed before the Scheduling Order's deadline to amend or add parties.[1] *Compare* doc. 23 at 2 (April 30, 2020 deadline to amend or add parties), *with* doc. 24 (motion to amend filed April 29, 2020). Thus, there is no undue delay. As discussed below, the lawsuit that, in part, led plaintiff to seek to amend this declaratory judgment action was filed a little over a month before the leave to amend was sought, confirming that it had no dilatory motive. *See* doc.

---

[1] The brief mistakenly asserts that no scheduling order had been entered. Doc. 24-1 at 3.

24-1 at 4. The only other party to have appeared, defendant Joyce Johnson-Copeland, does not oppose the amendment, *see id*. at 1, indeed, she asserts that the proposed additional defendant, defendant Johnson-Copeland's husband, is a necessary party, *see id*. at 4. Thus, there is no indication that any party will suffer prejudice from the amendment.

There is also no reason to deny leave to join the proposed additional defendant, Mr. Quincy Copeland. Plaintiff's motion explains that his joinder is proper pursuant to Rule 20. *See* doc. 24-1 at 4-5. As plaintiff explains, both Mr. Copeland and Ms. Johnson-Copeland's suits arise out of the same auto accident. *Id*. at 5. Ms. Johnson-Copeland's suit seeks to recover for the injuries she allegedly suffered as a result of the accident. *Id*. Mr. Johnson's suit seeks to recover for his loss of consortium, also resulting from his wife's injuries. *Id*.; *see also id*. at 2 (explaining that Mr. Johnson's suit seeks to hold the other defendants "liable for his loss of consortium resulting from his wife's alleged injuries). As plaintiff points out, the underlying auto accident gives rise to all of the claims at issue in this case. *Id*. at 4-5. Given the discretionary character of the joinder question, plaintiff's explanation is sufficient to conclude that the claims arise out of the same transaction and present common questions of both

law and fact.[2] *See* Fed. R. Civ. P. 20(a)(2); *cf. American Safety Casualty Ins. Co. v. Condor Assocs., Ltd.*, 129 F. App'x 540 (11th Cir. 2005) (district court did not err in concluding that tort claimants were indispensable parties in declaratory judgment action); *Lexington Ins. Co. v. Moore Stephens Tiller, LLC*, 2016 WL 9453996, at *3-4 (N.D. Ga. Apr. 29, 2016) (explaining that state-court tort plaintiffs were required parties, under Fed. R. Civ. P. 19, and directing declaratory judgment plaintiff to amend

---

[2] There is some question about the proper role of state court tort claimants in declaratory judgment actions, before their claims are reduced to judgment. *See, e.g., Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308 (11th Cir. 2016). In evaluating a tort claimant's right to intervene in a declaratory judgment action, the Court of Appeals explained that the claimant's "interest [in the insurance coverage] is purely speculative because it is contingent upon his prevailing against [the insureds] in the wrongful death action." *Id.* at 1311. It is difficult to square that assessment of a tort-claimant's interest, at least prior to judgment, with the Court of Appeals' conclusion, in *American Safety Casualty Ins. Co.*, that tort claimants are indispensable parties, for purposes of Rule 19. *See* 129 F. App'x 540, 541-42. On the one hand, it is unclear how the declarative relief could be asserted "jointly, severally, or in the alternative," against a party with no more than a "purely speculative" interest in the underlying policy. On the other hand, as the Northern District of Georgia noted in *Lexington Ins. Co.*, "Eleventh Circuit precedent tells the Court that Rule 24 and Rule 19 have different standards for required parties." 2016 WL 9453996, at * 2 (citing *Davis v. BancInsure, Inc.*, 2013 WL 1226491, at * 7 (N.D. Ga. Mar. 18, 2013)). Since the determination that a party is "required" under Rule 19 is a condition precedent for the dismissal sanctioned by the Court of Appeals in *Mt. Hawley Ins. Co.*, *see* Fed. R. Civ. P. 19(a)(2), (b), such joinder is, *a fortiori*, proper, even if it may not be "feasible." Given the circumstances at issue here, it is sufficient that the Court conclude only that joinder of a tort claimant is not *improper* under Rule 20. The Court of Appeals' analysis of such a party's status under Rule 19 seems sufficient for that determination, whatever other questions remain unresolved.

its complaint to join them). Thus, Plaintiff's request for leave to file a Second Amended Complaint is **GRANTED**. Doc. 24.

Next plaintiff seeks leave to extend the time for service on defendant Quantella J. Morrall, doc. 20, and to serve Morrall by publication. The extension request can be disposed of easily. Rule 4(m) directs that, notwithstanding the time limit for service, "if the plaintiff shows good cause for the failure [to timely serve], the court *must* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Plaintiff's motion shows multiple attempts to serve, by multiple process servers at multiple addresses. *See* doc. 20 at 2. Plaintiff also notes that further efforts to effect personal service were impeded by restrictions imposed in response to the COVID-19 pandemic. *Id.* at 3. The Court is satisfied that there is good cause for plaintiff's failure to timely serve. Subject to the stay discussed below, the motion for additional time to serve is **GRANTED**. Doc. 20.

However, the details of the extension of the service period depend, in part, upon the disposition of plaintiff's motion to serve defendant Morrall by publication. Doc. 21. The Federal Rules of Civil Procedure provide that process may be served "following state law . . . in the state

where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Georgia law provides that:

> When the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons, and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he or she is a necessary or proper party to the action, the judge or clerk may grant an order that the service be made by the publication of summons, provided that when the affidavit is based on the fact that the party on whom service is to be made resides outside the state, and the present address of the party is unknown, it shall be a sufficient showing of such fact if the affiant shall state generally in the affidavit that at a previous time such person resided outside this state in a certain place (naming the place and stating the latest date known to affiant when the party so resided there); that such place is the last place in which the party resided to the knowledge of affiant; that the party no longer resides at the place; that affiant does not know the present place of residence of the party or where the party can be found; and that affiant does not know and has never been informed and has no reason to believe that the party now resides in this state; and, in such case, it shall be presumed that the party still resides and remains outside the state, and the affidavit shall be deemed to be a sufficient showing of due diligence to find the defendant.

O.C.G.A. § 9-11-4(f)(1)(A). Despite its technical possibility, "[s]ervice by publication is traditionally seen as an unreliable means of informing interested parties about pending suits." *City Nat'l Bank v. McWeeney*,

2017 WL 3485757, at * 2 (N.D. Ga. June 28, 2017) (internal quotation and citation omitted).  "Thus, service by publication should only be allowed when the court is satisfied the party requesting such a method of service has exercised due diligence in pursuing every available channel of information." *Allstate Fire & Casualty Ins. Co. v. Fennell*, 2019 WL 9667845, at * 2 (S.D. Ga. Feb. 26, 2019).

The Court is not satisfied that plaintiff satisfies the statutory requirements.  Service by publication is not appropriate in this case because plaintiff concedes that it has identified Morrall's current address. *See* doc. 21 at 3.  Plaintiff's brief states that its process server was "told by a neighbor that Morrall does live at her last known address," where the process server also observed "someone inside the residence." *Id*. at 3.  The second process server plaintiff hired similarly saw "people inside" the residence in question.  *Id*.  When service at a different address was attempted, the residents "confirmed [Morrall] resided" where plaintiff had originally attempted service.  *Id*.  As evasive as Morrall may be, the Court simply cannot say that she cannot be served at an address where all available information indicates she resides.  According, the motion for service by publication is **DENIED**.  Doc. 21.

As discussed above, the Court will extend the time for service, and does not by this denial foreclose the possibility of a future motion for service by publication. However, the plaintiffs simply must do more to serve Morrall than knock at her door. There is no suggestion, either in the plaintiff's brief or the attached affidavits and declarations, *see* docs. 21-2, 21-3, 21-4, that Morrall is sequestered in the house or taking extraordinary steps to avoid being seen coming and going. The Court cannot say precisely what additional steps plaintiff must take, but a defendant who does not make personal service easy isn't making it impossible. Accordingly, plaintiff's deadline to serve Morrall is extended until ninety days from the date the stay, discussed below, is lifted. If Morrall takes more drastic steps to avoid service, or plaintiff's further diligent efforts remain unsuccessful, plaintiff is free to renew its motion for service by publication.

Finally, Plaintiff seeks a stay of all deadlines in this action pending the disposition of a "liquidation" proceeding in the Circuit Court of Cook County, Illinois. *See* doc. 28. However, pursuant to the attached Order of Liquidation, entered by the Illinois court, a "Liquidator" has been appointed. *See* doc. 28-1 at 6. That order specifically empowers the

Liquidator to "sue and defend on behalf of [plaintiff and related entities] . . . in the courts either in his name as the Liquidator . . . or in the name of American Service . . . , as the case may be." *Id*. at 7.  It is not clear, therefore, whether the Liquidator will continue this action.  The Court will not put this case "on ice" indefinitely until the Liquidator's position is established.  Nevertheless, a brief stay to permit plaintiff's counsel to seek clarification is appropriate.

Accordingly, plaintiff's motion is **GRANTED in part**.  Doc. 28.  All deadlines in this case are **STAYED** for sixty days from the date of this Order.  By no later than the last day of that period, plaintiff's counsel is **DIRECTED** to file a Status Report indicating whether the Liquidator intends to pursue this case.  If a definitive answer is unavailable, plaintiff's counsel should indicate what steps have been taken to secure an answer and when such a definitive answer will be available.  The Court will reevaluate whether a continuance of the stay is appropriate at that time.

In summary, plaintiff's motion for an extension of time to serve defendant Morrall is **GRANTED**.  Doc. 20.  Plaintiff's motion for leave to serve Morrall by publication is **DENIED**.  Doc. 21.  Its motion for leave to file a Second Amended Complaint is **GRANTED**.  Doc. 24.  Finally, its

motion to stay this case is **GRANTED, in part**, and **DENIED, in part**. Doc. 28. All deadlines are **STAYED** for a period of sixty days from the date of this Order. No later than the last day of that period, Plaintiff is **DIRECTED** to file a Status Report, as detailed above.

**SO ORDERED**, this 14th day of December, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA