**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| AMERICAN SERVICE | ) | |
| INSURANCE COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-013 |
| | ) | |
| WEBBER'S TRANSPORTATION, | ) | |
| LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff American Service Insurance Company,

Inc.'s Motion to Compel, doc. 57, and Motion to Substitute Party, doc. 61.

No party opposes either motion. *See generally* docket; *see also* S.D. Ga.

L. Civ. R. 7.5 ("Failure to respond within the applicable time period shall

indicate that there is no opposition to a motion."). Both motions are ripe

for disposition.

Plaintiff served Defendants Webber's Transportation, LLC, Alexis

Webber, and Rodney Webber (the "Webber Defendants") with its First

Set of Requests for Production doc. 57-1, and First Set of Interrogatories,

doc. 57-2, on May 7, 2021. Doc. 57 at 2; *see also* 57-1 at 11, 57-2 at 15.

The Webber Defendants initially had 30 days to respond. *See* Fed. R. Civ. P. 33(b)(2) ("The [party responding to interrogatories] must serve its answers and any objections within 30 days after being served with the interrogatories); Fed. R. Civ. P. 34(b)(2) ("The party to whom the [document] request is directed must respond in writing within 30 days after being served."). The Court stayed discovery in this case on June 1, 2021, which tolled the date for the Webber Defendants to respond to Plaintiff's discovery requests by 90 days. Doc. 46. Over six months have passed since discovery re-opened, and Plaintiff represents that the Webber Defendants have not served any written responses or documents. Doc. 57 at 1.

Plaintiff has complied with this Court's requirements for filing a motion to compel. *See* S.D. Ga. L. Civ. R. 26.5; doc. 57 (detailing Plaintiff's compliance with the Court's discovery dispute procedures). Additionally, the motion to compel is unopposed. *See* S.D. Ga. L. Civ. R. 7.5. To the extent Plaintiff's motion requests that the Court order the Webber Defendants to respond to Plaintiff's First Set of Requests for Production, doc. 57-1, and First Set of Interrogatories, doc. 57-2, that request is **GRANTED**. Doc. 57, in part. The Webber Defendants are

**DIRECTED** to respond to those requests within fourteen days from the date of this Order.

As Plaintiff correctly argues, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. *See Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698, 700 n.4, 698 (S.D. Ga. 2012) ("[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." (quoting *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010)); *see also In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) (same); *Marx v. Kelly, Hart, & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) (same). The Webber Defendants' responses must be complete, as any objections have been waived by their failure to respond, which appears, at the very least, to be the result of their neglect. *Scruggs*, 278 F.R.D. at 700 n.4.

Plaintiff's Motion to Compel also requests that the Court "award fees and expenses incurred in bringing this motion." Doc. 57 at 15. Federal Rule of Civil Procedure 37(a)(5)(A) mandates that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the

motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). To the extent the award of fees is mandatory, the request is **GRANTED**. Doc. 57.

However, Plaintiff subsequently filed a Motion for Default Judgment which also requests an "award . . . [of] fees and expenses caused by [the Webber Defendants'] failure to engage in routine discovery" under Rule 37(a)(5)(A). Doc. 64 at 16. That motion is pending before the District Judge. *See id.* The request for fees and expenses made in the more recent Motion for Default Judgment will necessarily include the same fees and expenses incurred in bringing the Motion to Compel. Therefore, the undersigned defers any calculation of what such an award might entail. If, after the District Judge's disposition of the Motion for Default Judgment, Plaintiff contends that there are additional fees and expenses related to bringing the Motion to Compel to which it is entitled, it is free to so notify the Court. At that time, the undersigned will determine what award, if any, is appropriate considering any other award granted by the District Judge. Plaintiff is not, of course, entitled to double recovery.

Plaintiff also filed a Motion to Substitute Party, which seeks to substitute deceased Defendant Quincy Copeland with his surviving spouse Joyce M. Johnson-Copeland. Doc. 61. Under Federal Rule of Civil Procedure 25(a)(1),

> If a party dies and the claim is not extinguished, the court may order substitution of the *proper party*. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1) (emphasis added). Courts have "uniformly" held that although Rule 25(a) refers to substitution of the "proper party," the rule "applies only to the substitution of legal representatives." 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1956 (3d ed. 2008).

Here, Plaintiff's assertion that Ms. Johnson-Copeland is Mr. Copeland's "surviving spouse" and "natural successor" is insufficient to establish that she is a "proper party" under Rule 25(a) and Georgia law. *See Hardy v. Potter*, 2009 WL 2391239, at \*2 (S.D. Ga. Aug. 4, 2009) (Edenfield, J.) ("Despite the fact that Mrs. Hardy was plaintiff's legal wife and has referred to herself as his personal representative . . . she does not automatically qualify as a 'proper party' for substitution under Rule

5

25(a) and Georgia law."). Further, Plaintiff states that it "has not been able to confirm whether Mr. Copeland's estate has in fact been established or personal representative appointed." Doc. 61 at 1-2. Without any indication that Mr. Copeland's estate has been established, the Court cannot substitute Ms. Johnson-Copeland as a "proper party." *See Powell v. HM Trucking, LLC*, 2020 WL 710615, at *1 (M.D. Ala. Feb. 12, 2020) ("The proper person to substitute is . . . the personal representative of the estate. . . . It is undisputed that no estate has been opened for [the decedent], and no personal representative has been appointed to represent the estate. . . . In the absence of an estate, the Court finds it inappropriate to appoint an administrator for the purpose of substituting parties."). Accordingly, Plaintiff's Motion to Substitute a Party is **DENIED**. Doc. 61.

**SO ORDERED**, this 8th day of March, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA